(15 Misc. Rep. 19.)

BURNS v. HOUSTON, W. S. & P. F. R. CO.

(Superior Court of New York City, General Term. December 18, 1895.)

HARMLESS ERROR—AMENDMENT OF COMPLAINT—INCREASING DAMAGES.
    Defendant in an action for death by wrongful act, which accrued before Const. art. 1, § 18, providing that the amount recoverable in such action shall not be subject to statutory limitation, took effect, is not prejudiced by an amendment permitting plaintiff to increase his demand for damages, if the verdict of the jury does not exceed the former limitation.

Appeal from jury term.

Action by Michael F. Burns, as administrator, against the Houston, West Street & Pavonia Ferry Railroad Company to recover damages for the death of plaintiff's intestate. From a judgment entered on a verdict in favor of plaintiff for $5,000, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

Henry A. Robinson, for appellant.
William Sulzer, for respondent.

FREEDMAN, J. Although it has been decided by the court of appeals that the constitutional provision that the amount recoverable in an action for damages for injuries resulting in death shall not be subject to any statutory limitation does not operate retrospectively, and does not affect causes of action accrued before the said constitutional provision went into effect, the defendant in the case at bar was not prejudiced by the amendment permitting the plaintiff to increase the demand for damages from $5,000 to $25,000, as the verdict of the jury did not exceed the limit of $5,000. Upon a careful review of the whole case, it clearly

appears that the case was one for the jury, both upon the question of negligence and the question of contributory negligence; that no error was committed in the admission of evidence, or in refusing to dismiss the complaint; and that the verdict is not against the evidence, or against the weight of the evidence. Moreover, the verdict should not be disturbed as excessive.

The judgment and order should be affirmed, with costs. All concur.